# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY BOWERS,

    Plaintiff,

        v.

ADAM AND EVE STORES, ET AL.,

    Defendants.

15cv1198
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION ON DEFENDANT'S PETITION FOR REMAND

Before the Court is a Petition for Remand filed by Defendant, Adam and Eve Stores ("Defendant-Stores"), requesting that this Court remand the instant lawsuit to the Court of Common Pleas of Washington County, Pennsylvania. Doc. no. 4. Defendant-Stores contends this case was improperly removed by a Co-Defendant, Diamond Products, LLC d/b/a Pipe Dream Products (Defendant-Diamond"). Plaintiff joined Defendant-Stores' Petition, adopting the argument made by Defendant-Stores. Doc. no. 8. Defendant-Diamond filed a Response and Brief in Opposition to the Petition for Remand arguing Defendant-Stores' basis for the remand was flawed. Doc. no. 6. Defendant-Stores filed a Reply to Defendant-Diamond's Response. Briefing is now complete and the matter is ripe for adjudication.

## I. Background

Defendant-Stores filed its Petition for Remand arguing that Defendant-Diamond failed to comply with 28 U.S.C. § 1446. The relevant portion of this statute which describes the procedure for removal of civil actions, such as this one, reads as follows:

> **(b) Requirements; generally.--**
>
>> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(b)(2)(A). Defendant-Diamond admits that it did not obtain the consent of Defendant-Stores, but claims it did not need Defendant-Stores' consent. Doc. no. 6, p. 1, ¶ 5-6. This Court disagrees with Defendant-Diamond's position and will grant the Petition to Remand for the reasons set forth herein.

## II.     Discussion

The Court begins by noting at the outset, that when removing a case to federal court, the removing party (in this case Defendant-Diamond) bears the burden of establishing federal jurisdiction. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990).

Defendant-Diamond and Defendant-Stores both rely on *Balazik v. County of Dauphin*, 44 F.3d 209 (3d Cir. 1995), to support their opposing views concerning whether this case should be remanded to the Court of Common Pleas of Washington County, Pennsylvania.

In the *Balazik* case, the United States Court for the Third Circuit held as follows:

> Section 1446(a) of 28 U.S.C. requires that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal." Despite the ambiguity of the term "defendant or defendants," it is well established that removal generally requires unanimity among the defendants. *See, e.g., Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900) ("if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one. . . ."); *Lewis v. Rego* Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition").

> Failure of all defendants to join is a "defect in removal procedure" within the meaning of § 1447(c), but is not deemed to be jurisdictional. See *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (the "failure to join all the defendants in a removal petition is not a jurisdictional defect"); *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 713 (7th Cir. 1992); *McGlinchey v. Hartford Accident and Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989).

*Id.* at 213 (footnote omitted). Importantly, the omitted footnote from the previous quote in *Balazik* reads as follows:

> The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined. *See McManus v. Glassman's Wynnefield, Inc.*, 710 F.Supp. 1043, 1045, n. 5 (E.D. Pa. 1989) (citing *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447 n. 4 (N.D. Ill. 1987). See also 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.168[3.-2-2]. Another exception is when a non-resident defendant has not been served at the time the removing defendants filed their petition. See *Lewis*, 757 F.2d at 69. . . .

*Id.*, n.4.

As applied to the instant matter, it is uncontested that Defendant-Stores did <u>not</u> consent to the removal of this matter. Defendant-Stores argues that this matter should be remanded at Defenant-Stores request, because, as per *Balazik,* "removal generally requires unanimity among the defendants." However, Defendant-Diamond contends that one of the exceptions to the unanimity rule, set forth in footnote 4 and quoted above, is applicable here, to prevent this Court from remanding. Specifically, Defendant-Diamond argues that Defendant-Stores is a "nominal party." The Court disagrees.

Courts within this Circuit have discussed what makes a party "nominal." The term "nominal" is usually associated with a federal court's subject matter jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). The Court of Appeals for the Third Circuit has defined "nominal parties" as "those without a real

interest in the litigation." *Bumberger v. Ins. Co. of North America*, 952 F.2d 764, 767 (3d Cir. 1991) (citing *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985)); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (2013) ("SmithKline Beecham did not simply dissolve—it domesticated itself under the laws of another jurisdiction . . . thus [it] has no actual interest in the outcome of the litigation, making it a 'nominal party.'"). District courts within the Third Circuit have also stated that a party who is "neither necessary nor indispensable to join in the action" under Federal Rule of Civil Procedure 19 is a "nominal party." *Mallalieu–Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc.*, 254 F.Supp.2d 521, 524–25 (M.D. Pa. 2003) (*citing Farias v. Bexar County Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir.1991)).

With these descriptions of a "nominal party" in mind, the Court considers the undisputed facts presented by Defendant-Diamond in this case. First, Defendant-Diamond admits that Plaintiff filed an Amended Complaint sounding in negligence, breach of warranty, and strict (product) liability against both Defendants. See doc. nos. 4 and 6, ¶ 1-4. Second, in its Notice of Removal, Defendant-Diamond admits that this case arises out of allegations that Plaintiff, "was injured as a result of using a defective product that sold, manufactured and distributed by the Defendants."[1] See doc. no. 1, ¶ 8. Third, Defendant-Diamond has asserted that Defendant-Stores "is a nominal party to this case because of its limited involvement in this action as a seller of an original packaged product." See doc. no. 6, p. 6. Based upon these facts, the Court finds that both Plaintiff and Defenant-Diamond have asserted that Defendant-Stores is the alleged seller or distributor of the purportedly defective product at issue in this case.

---

[1] Based on the allegations in the Amended Complaint, which this Court accepts as true solely for the purposes of deciding this Petition for Remand, Defendant-Diamond is a manufacturer of sex toys and Defendant-Stores distributed and marketed the "Beginner's Penis Pump," the product at issue in this litigation. Doc. no. 1-2, ¶ 4-5. Neither Defendant has admitted these specific allegations set forth in the Amended Complaint.

4

This Court further notes that Pennsylvania law is the substantive law applicable to the instant case. The Pennsylvania Supreme Court has considered the potential liability of sellers/distributors in *Webb v. Zern,* 220 A.2d 823 (Pa. 1966), and in so doing, adopted the Restatement (Second) Torts, Section 402A. Section 402A provides:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> > (a) the seller is engaged in the business of selling such a product, and
> >
> > (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
> > (a) the seller has exercised all possible care in the preparation and sale of his product, and
> >
> > (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts § 402A.

More recently, Pennsylvania's Supreme Court reiterated the potential liability of a seller or distributor of a defective product. In *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014), the Court held:

> The duty in strict liability pertains to the duty of a manufacturer and of suppliers in the chain of distribution to the ultimate consumer. The Restatement offers a functional shorthand for the balancing of interests implicit in assessing the existence of the strict liability duty in tort between those in a consumer/user-supplier relationship. See *Scampone*, 57 A.3d at 606; *cf. Althaus v. Cohen*, 562 Pa. 547, 756 A.2d 1166, 1169 (2000) (recognizing balancing calculus implicit in determining whether therapist owed parents of patient alleged duty of care (negligence)). In incorporating the strict liability cause of action into Pennsylvania common law, the *Webb* Court expressly relied upon the Second Restatement and relevant scholarly commentary to supply its justification. 220 A.2d at 854.

> Indeed, comments b, c, g, and m to Section 402A of the Second Restatement offer reasoned consideration of factors relevant in Pennsylvania to explain the existence and nature of a seller's duty in tort to a consumer. In part, comment c explains that:
>
>> [A] seller, by marketing his product for use and consumption, has undertaken and assumed a special responsibility toward any member of the consuming public who may be injured by it; that public has a right to and does expect, in [the] case of products which it needs and for which it is forced to rely upon the seller, that reputable sellers will stand behind their goods; that public policy demands that the burden of accidental injuries caused by products intended for consumption be placed upon those who market them, and be treated as a cost of production against which liability insurance can be obtained; and that consumer of such products is entitled to the maximum of protection at the hands of someone, and proper persons to afford it are those who market the products.
>
> Restatement (2d) of Torts § 402A cmt. c.
>
> This reasoning explains the nature of the non-delegable duty articulated by the Second Restatement and recognized in *Webb*. Stated affirmatively, a person or entity engaged in the business of selling a product has a duty to make and/or market the product -- which "is expected to and does reach the user or consumer without substantial change in the condition in which it is sold" -- free from "a defective condition unreasonably dangerous to the consumer or [the consumer's] property." *Accord* Restatement (2d) of Torts § 402A(1).

104 A.3d at 383.

### III. Conclusion

Pennsylvania law clearly holds sellers and distributors of a product liable for that product's defect. Accordingly, this Court finds that based on the allegations set forth in the Amended Complaint, as well as the assertions made by Defendant-Diamond, Defendant-Stores is not a "nominal" defendant in this matter. To the contrary, Defendant-Stores is a real party in interest. As such, Defendant-Stores had to consent to the removal of this action. Because it is uncontested that Defendant-Stores did not concede to the removal of this action, the removal is

defective, and pursuant to 28 U.S.C. § 1447(c), shall be remanded back to the Court of Common Pleas of Washington County.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Court Judge

cc:	All Registered ECF Counsel